IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| | | |
|---|---|---|
| TODDRICK MATTHEWS | § | |
| VS. | § | CIVIL ACTION NO. 5:21-CV-148 |
| DIRECTOR, TDCJ-CID | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner Toddrick Matthews, a prisoner confined at the Allred Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

The petition was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Factual Background

Petitioner is in custody pursuant to a judgment entered in the 5th Judicial District Court of Bowie County, Texas, in cause number 18F0588-005. On May 24, 2018, Petitioner was charged with murder. Dkt. No. 16-1 at 21. A jury found Petitioner guilty of the offense (Dkt. No. 16-1 at 165) and assessed his sentence at life imprisonment (Dkt. No. 16-1 at 170).

Petitioner appealed the judgment. On direct appeal, Petitioner argued that there was insufficient evidence to support his conviction. The Sixth Court of Appeals found that the evidence was sufficient to support the jury's finding of guilt and affirmed the judgment. *Matthews v. State*, No. 06-19-00039-CR, 2020 WL 238717 (Tex. App–Texarkana 2020, pet. ref'd). Petitioner filed a petition for discretionary review, which the Texas Court of Criminal Appeals refused.

Petitioner filed two state applications for habeas relief. On May 5, 2021, the Texas Court of Criminal Appeals denied the first application without written order. Dkt. No. 16-17 at 1. The second application was dismissed as a subsequent application on October 20, 2021. Dkt. No. #16-19 at 1.)

## The Petition

Petitioner alleges trial counsel provided ineffective assistance by failing to impeach a key witness with his criminal history and by failing to move to suppress eight photographs that were introduced into evidence by the State. Petitioner also contends that he was denied due process because the trial court did not hold a hearing regarding the admissibility of the criminal history of a different witness.

## Standard of Review

Title 28 U.S.C. § 2254 authorizes the district court to entertain a petition for writ of habeas corpus on behalf of a person in custody pursuant to a state court judgment if the prisoner is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a). The court may not grant relief on any claim that was adjudicated in state court proceedings unless the adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States;[1] or (2) resulted in a decision based on an unreasonable determination of the facts in light of the evidence presented in the state court. 28 U.S.C. § 2254(d). A decision is contrary to clearly established federal law if the state court reaches a conclusion opposite to a decision reached by the Supreme Court on a question of law, or if the state court decides a case differently than the Supreme

---

[1] In making this determination, federal courts may consider only the record before the state court that adjudicated the claim on the merits. *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). An application of clearly established federal law is unreasonable if the state court identifies the correct governing legal principle, but unreasonably applies that principle to the facts. *Id*. State court decisions must be given the benefit of the doubt. *Renico v. Lett*, 559 U.S. 766, 773 (2010).

The question for federal review is not whether the state court decision was incorrect, but whether it was unreasonable, which is a substantially higher threshold. *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007). If the decision of the highest state court is not accompanied by an explanation of the court's reasoning, federal courts must look to the last state court decision that does provide an explanation for the decision. *Wilson v. Sellers*, 548 U.S. _, 138 S. Ct. 1188, 1192 (2018). There is a rebuttable presumption that the unexplained ruling adopted the same reasoning. *Id*. "Where a state court's decision is unaccompanied by an explanation, the habeas petitioner's burden still must be met by showing there was no reasonable basis for the state court to deny relief." *Harrington v. Richter*, 562 U.S. 86, 98 (2011); *see also Johnson v. Williams*, 568 U.S. 289, 293 (2013) (holding there is a rebuttable presumption that the federal claim was adjudicated on the merits when the state court addresses some claims, but not others, in its opinion).

This court must accept as correct any factual determinations made by the state courts unless the petitioner rebuts the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e). The presumption of correctness applies to both implicit and explicit factual findings. *Young v. Dretke*, 356 F.3d 616, 629 (5th Cir. 2004); *Valdez v. Cockrell*, 274 F.3d 941, 948 n. 11 (5th Cir. 2001) ("The presumption of correctness not only applies to explicit findings of fact, but it also applies to those unarticulated findings which are necessary to the state court's conclusions of mixed law and fact."). Deference to the factual findings of a state court is not dependent upon the quality

of the state court's evidentiary hearing. *See Valdez*, 274 F.3d at 951 (holding that "a full and fair hearing is not a precondition to according § 2254(e)(1)'s presumption of correctness to state habeas court findings of fact nor to applying § 2254(d)'s standards of review.").

Analysis

*I. Ineffective Assistance of Counsel*

Petitioner alleges that he was denied the effective assistance of counsel. In order to establish an ineffective assistance of counsel claim, Petitioner must prove counsel's performance was deficient and the deficient performance prejudiced Petitioner's defense. *Strickland v. Washington*, 466 U.S. 668 (1984). Because Petitioner must prove both deficient performance and prejudice, failure to prove either will be fatal to his claim. *Johnson v. Scott*, 68 F.3d 106, 109 (5th Cir. 1995).

Judicial review of counsel's performance is highly deferential. *Strickland*, 466 U.S. at 689. There is a strong presumption that counsel rendered reasonable, professional assistance and that the challenged conduct was the result of a reasoned strategy. *Id*. To overcome the presumption that counsel provided reasonably effective assistance, Petitioner must prove his attorney's performance was objectively unreasonable in light of the facts of Petitioner's case, viewed as of the time of the attorney's conduct. *Id*. at 689-90. A reasonable professional judgment to pursue a certain strategy should not be second-guessed. *Jones v. Barnes*, 463 U.S. 745, 751-54 (1983).

In addition to demonstrating counsel's performance was deficient, Petitioner must also show prejudice resulting from counsel's inadequate performance. *Strickland*, 466 U.S. at 691-92. Petitioner must establish "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. Petitioner must

show a substantial likelihood that the result would have been different if counsel performed competently. *Richter*, 562 U.S. at 112. To determine whether Petitioner was prejudiced, the court must consider the totality of the evidence before the fact-finder. *Berghuis v. Thompkins*, 560 U.S. 370, 389 (2010).

Analysis of an ineffective assistance claim on federal habeas review of a state court conviction is not the same as adjudicating the claim on direct review of a federal conviction. *Richter*, 562 U.S. at 101. The key question on habeas review is not whether counsel's performance fell below the *Strickland* standard, but whether the state court's application of *Strickland* was unreasonable. *Id*. Even if Petitioner has a strong case for granting relief, that does not mean the state court was unreasonable in denying relief. *Id*. at 102. Federal habeas relief is available only if every reasonable juror would agree that the result of the proceeding would have been different but for counsel's allegedly deficient performance. *Flores v. Lumpkin*, 72 F.4th 678, 683-84 (5th Cir. 2023).

### A. Failure to Impeach Key Witness

Petitioner contends that trial counsel provided ineffective assistance by failing to impeach the State's key witness, George Matthews, with his criminal history. On direct examination, the witness admitted that he was on parole for burglary at the time of the murder. Dkt. No. 16-5 at 88. On cross-examination, defense counsel repeatedly questioned Mr. Matthews about inconsistent statements he had given to law enforcement officers during multiple interviews and his prior arrests. (Doc. #16-5 at 98-109.) In addition to admitting to giving false statements about the events surrounding the murder, Mr. Matthews admitted that he initially told a law enforcement officer that

5

he had previously been arrested twice, but that he actually been arrested many more times. Dkt. No. 16-5 at 98-100.

By denying relief on this claim, the Texas Court of Criminal Appeals implicitly found that counsel did not perform deficiently or that Petitioner was not prejudiced by counsel's performance. Contrary to Petitioner's assertion, the record reflects that counsel attempted to impeach the witness's credibility and engaged in effective cross-examination. There is no evidence in the record to suggest that Mr. Matthews had convictions other than then burglary conviction, or that such convictions could have been used under the Texas Rules of Evidence to impeach his testimony. Petitioner has not shown that counsel's performance was deficient or that he was prejudiced by counsel's impeachment and cross-examination of the victim. Therefore, the state court's application of *Strickland* was reasonable.

### B. Failure to Object to Admissibility of Photographs

Petitioner contends that counsel performed deficiently by failing to move to suppress photographs of the victim's body taken at the crime scene and during the autopsy. The admissibility of evidence is a matter of state law. On federal habeas review, the court does not review the state courts' application of state evidentiary rules, but, instead, considers whether the evidentiary rulings violate the Constitution. *Jones v. Cain*, 600 F.3d 527, 536 (5th Cir. 2010).

In *Cordova v. Collins*, 953 F.2d 167, 174 (5th Cir. 1992), the United States Court of Appeals for the Fifth Circuit held that there was no arguable merit to the petitioner's claim that the admission of an autopsy photograph violated his Constitutional rights. In light of the holding in *Cordova*, Petitioner would not have a cognizable federal habeas claim that the admission of the photographs violated his rights under the Constitution. Although the admission of the photographs did not violate

a constitutional right, Petitioner asserts that he was denied the effective assistance of counsel because competent counsel would have challenged the admissibility of the photographs under state evidentiary rules. This claim also lacks merit. Under Texas law, photographs taken of the deceased at the scene of a murder and autopsy photographs are admissible if they are properly authenticated and accurately depict the deceased. *Clark v. State*, 627 S.W.2d 693, 705 (Tex. Crim. App. 1981). In this case, the record reflects that the photographs were admissible because they were authenticated by the State's witnesses and they accurately depicted the deceased. Dkt. No. 16-5 at 135-37, 215-16; Dkt. No. 16-6 at 27-28. As Respondent notes in his response, the photographs "illuminate[d] the medical examiner's testimony and testimony regarding the discovery of the victim's body....". Dkt. No. 15 at 20.

Because the photographs were admissible under Texas law, counsel did not perform deficiently by failing to raise a meritless argument as to the admissibility of the photographs. *See Guidry v. Lumpkin*, 2 F.4th 472, 491 (5th Cir. 2021) ("[C]ounsel cannot be ineffective for failing to raise a meritless claim."). Further, Petitioner has not demonstrated that he was prejudiced by counsel's failure to challenge the admissibility of the photographs. As a result, the state court's rejection of this claim is a reasonable application of *Strickland*.

*II. Trial Court's Failure to Conduct Hearing*

Petitioner contends the trial court erred by failing to hold a hearing pursuant to Texas Rule of Evidence 609(b) as to the admissibility of witness Kim Slaughter's criminal history. Rule 609(b) allows evidence of a prior conviction for impeachment purposes if the probative value of the conviction substantially outweighs its prejudicial effect. The Rule only applies to a conviction if

more than ten years have passed since the conviction or since the witnesses's release from confinement for it, whichever is the later date.

On collateral review, a federal court may grant relief based on constitutional trial error only if the error had a "substantial and injurious effect or influence in determining the jury's verdict." *Brecht v. Abrahamson*, 507 U.S. 619, 623 (1993) (quoting *Kotteakos v. United States*, 328 U.S. 750, 776 (1946)); *see also Fry v. Pliler*, 551 U.S. 112, 119-20 (2007) (holding that the *Brecht* harmless error standard survived passage of the Antiterrorism and Effective Death Penalty Act of 1996). Under this standard, the petitioner should prevail if the record is balanced such that "a conscientious judge is in grave doubt as to the harmlessness of the error." *O'Neal v. McAninch*, 513 U.S. 432, 435 (1995); *Robertson v. Cain*, 324 F.3d 297, 305 (5th Cir. 2003). In addition to satisfying the *Brecht* standard, the petitioner must also meet the AEDPA standards in order to obtain federal habeas relief. *Brown v. Davenport*, 596 U.S. 118, 127 (2022).

The record reflects that defense counsel was provided with a summary of Ms. Slaughter's criminal history prior to trial. Dkt. No. 16-5 at 40. When defense counsel expressed dissatisfaction with the information that was provided, the prosecutor stated that the State had disclosed any information that could be used to impeach the witness. Dkt. No. 16-5 at 40. After an off-the-record discussion between the prosecutor, defense counsel, and the State's investigator, defense counsel indicated he was satisfied with the information that was disclosed. Dkt. No. 16-5 at 41. There was no further mention of Ms. Slaughter's criminal history. Defense counsel did not attempt to impeach her with prior convictions, and did not request the court for a hearing outside the presence of the jury to determine whether any convictions were admissible for impeachment purposes. Further, there

is no indication in the record that Ms. Slaughter had any criminal convictions that could potentially be used to impeach her credibility under Rule 609(b).

Because the trial court was not asked to rule on the admissibility of Ms. Slaughter's criminal history and did not exclude evidence of any prior convictions, the state court's rejection of this claim was not contrary to, and did not involve an unreasonable application of, clearly established federal law. Nor did the state court's findings result in a decision based on an unreasonable determination of the facts in light of the evidence.

## Recommendation

This petition for writ of habeas corpus should be denied.

## Objections

Within fourteen days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of the factual findings and legal conclusions accepted by the district court, except on grounds of plain error. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

SIGNED this the 2nd day of February, 2024.

_____
J. Boone Baxter
UNITED STATES MAGISTRATE JUDGE