IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | |
|---|---|
| **TODDRICK MATTHEWS**, | § |
| Plaintiff, | § § § |
| v. | § § CIVIL ACTION NO. 5:21-CV-148-RWS-JBB |
| **DIRECTOR, TDCJ-CID**., | § § |
| Defendant. | § § |

## ORDER

Petitioner Toddrick Matthews, a prisoner confined at the Allred Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Docket No. 1. The Court referred this matter to the Honorable J. Boone Baxter, United States Magistrate Judge, for consideration pursuant to applicable laws and orders of this Court. The magistrate judge has submitted a Report and Recommendation of United States Magistrate Judge. Docket No. 23. The Report recommends denying the petition. *See id.* at 9.

Petitioner filed objections to the Report and Recommendation. Docket No. 26. Petitioner complains that the Report did not reference either *Martinez v. Ryan*, 566 U.S. 1 (2012) or *Trevino v. Thaler*, 569 U.S. 413 (2013). *Id.* at 2–5. Both *Martinez* and *Trevino*, however, concern situations where procedural defaults in state court proceedings were excused in federal court due to ineffective assistance of counsel or the lack of counsel. *See Martinez*, 566 U.S. at 10; *Trevino*, 569 U.S. 413–14. The holdings in *Martinez* and *Trevino* do not apply to this petition because none of the claims raised in this petition were procedurally defaulted. *See e.g.*, *Martinez*, 566 U.S. at 10–

11. Petitioner raised each of his claims in the state habeas proceeding and received a ruling on the merits of those claims. *Compare* Docket No. 1 *with* Docket No. 16-18.

Petitioner also objects to the Report to the extent there was no record from the trial court about the impeachment of a witness. Docket No. 26 at 4. Petitioner argues the trial court erred by failing to hold a hearing on the admissibility of the criminal history of a witness instead of allowing the State and defense counsel to reach an off-the-record agreement. *Id*. There was, however, some discussion on the record about the sufficiency of the criminal history summary disclosed by the State, and defense counsel ultimately indicated that he was satisfied with the information that had been disclosed. Docket No. 16-5 at 39–41. A hearing was unnecessary because the trial court was never asked to rule on the admissibility of the criminal history of the witness. *Id.* at 41. Upon review of the record, the Court finds that the Report correctly reflects the evidence and law and should be adopted. Docket No. 23 at 8–9.

Additionally, in this case, Petitioner is not entitled to the issuance of a certificate of appealability. An appeal from a judgment denying federal habeas corpus relief may not proceed unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253; FED. R. APP. P. 22(b). A certificate of appealability may issue only if the petitioner makes a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004). In making that substantial showing, the petitioner need not establish that he should prevail on the merits. Rather, he must demonstrate that the issues are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further. *See Slack*, 529 U.S. at 483–84; *Avila v. Quarterman*, 560 F.3d 299, 304 (5th Cir. 2009). If the petition was denied on procedural grounds, the petitioner must show that jurists of reason would

find it debatable: (1) whether the petition raises a valid claim of the denial of a constitutional right, and (2) whether the district court was correct in its procedural ruling. *Slack*, 529 U.S. at 484; *Elizalde*, 362 F.3d at 328. Any doubt regarding whether to grant a certificate of appealability "is resolved in favor of the petitioner, and the severity of the penalty may be considered in making this determination." *Miller v. Johnson*, 200 F.3d 274, 280–81 (5th Cir. 2000).

Petitioner has not shown that any of the issues raised by his claims are subject to debate among jurists of reason or that a procedural ruling was incorrect. In addition, the questions presented are not worthy of encouragement to proceed further. Accordingly, Petitioner has failed to make a sufficient showing to merit the issuance of a certificate of appealability.

The Court has conducted a careful *de novo* review of those portions of the Magistrate Judge's proposed findings and recommendations to which the Plaintiff objected. See 28 U.S.C. § 636(b)(1)(C) (District Judge shall "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). Upon such *de novo* review, the Court has determined that the Report of the Magistrate Judge is correct and the Plaintiff's objections are without merit. Accordingly, it is

**ORDERED** that Petitioner's objections (Docket No. 26) are **OVERRULED**. It is further

**ORDERED** that the Report of the Magistrate Judge (Docket No. 23) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that the above captioned petition for writ of habeas corpus is **DENIED**. A final judgment will be entered in this case in accordance with the Magistrate Judge's recommendation. A certificate of appealability will not be issued.

**So ORDERED and SIGNED this 5th day of August, 2024.**

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE